Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Annie Aboulian (SBN 280693)
annie@donigerlawfirm.com
DONIGER / BURROUGHS APC
300 Corporate Pointe, Suite 355
Culver City, California  90230
Telephone: (310) 590-1820
Facsimile: (310) 417-3538

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIBU TEXTILES, INC., a New York corporation, | Case No.: |
| Plaintiff, | PLAINTIFF'S COMPLAINT FOR: |
| v. | 1. COPYRIGHT INFRINGEMENT; AND |
| THE WET SEAL, INC, a California corporation individually doing business as "ARDEN B.;" and DOES 1 through 10, | 2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGMENT. |
| Defendants. | Jury Trial Demanded |

Plaintiff, MALIBU TEXTILES, INC., by and through its undersigned attorneys, hereby prays to this honorable Court for relief as follows:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331(m)

1

1338(a) and (b).

3.  Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that a substantial part of the acts and omissions giving rise to the claims occurred in this judicial district.

**PARTIES**

4.  Plaintiff MALIBU TEXTILES, INC. is a New York corporation with its principal place of business located at 49 West 37th Street, New York, NY 10018, and one of its showrooms in Vernon, CA.

5.  Plaintiff is informed and believes and thereon alleges that Defendant THE WET SEAL, INC. d/b/a "ARDEN B." ("WET SEAL") is a California Corporation doing business in and with the state of California with its principal place of business located at 26972 Burbank, Foothill Ranch, CA 92610.

6.  Plaintiff is informed and believes and thereon alleges that some of Defendants DOES 1 through 10, inclusive, are manufacturers and/or vendors of garments to Defendants, and have manufactured and/or supplied, and/or are manufacturing and/or supplying, garments comprised of fabric printed with Plaintiff's copyrighted design(s) (as hereinafter defined) without Plaintiff's knowledge or consent, or have contributed to said infringement. The true names, whether corporate, individual, or otherwise of Defendants DOES 1-4, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

7.  Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and

adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATING TO DESIGN NO. 1967

8.  Plaintiff owns an original work of art styled "1967" ("Subject Design") and has registered Subject Design with the United States Copyright Office. A true and correct copy of Subject Design is set forth hereinbelow.

## SUBJECT DESIGN:



9.   Prior to the unlawful actions alleged in this Complaint, Plaintiff sampled and sold fabric bearing the Subject Design to numerous parties in the apparel industry.

10. Following said sampling and sales, Plaintiff found unauthorized copies of Subject Design in the form of garments being sold by WET SEAL, including but not limited to garments sold by WET SEAL at its Arden B. stores under SKU 4-9188-

COMPLAINT

9500-000 and bearing RN 78749, indicating that the garments were manufactured by or for WET SEAL. An exemplar of Accused Product is set forth hereinbelow:

**ACCUSED PRODUCT EXEMPLAR:**



**FIRST CLAIM FOR RELIEF**

(For Copyright Infringement - Against All Defendants)

11. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth the allegations contained in the foregoing paragraphs.

12. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, accessed the Subject Design through, without limitation, the following: (a) through third-party vendors and/or DOE Defendants, including without limitation overseas converters and printing mills; (b) access to Plaintiff's design library, strike-offs and/or samples, (c) access to garments manufactured and sold which bear fabric lawfully printed by Plaintiff for its customers, (d) and garments bearing fabric lawfully printed through Plaintiff.

13. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is

further informed and believes and thereon alleges that said Defendant vendors have an ongoing business relationship with the Defendant retailers, and each of them, and supplied garments to said retailers, and that said garments infringed the Subject Design by bearing prints that were unlawfully identical or substantially similar to the Subject Design.

14. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by importing, creating, making, and/or developing works infringing the Subject Design and/or by importing, producing, distributing, and/or selling said garments to the public.

15. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered substantial damages in an amount to be established at trial.

16. Due to Defendants', and each of their, acts of infringement, Defendants, and each of them, have obtained profits they would otherwise not have realized but for their infringement of the Subject Design.  As such, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits attributable to Defendants' infringement of Subject Design in an amount to be established at trial.

17. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have acted with knowledge and/or reckless disregard of Plaintiff's rights such that their acts of copyright infringement as alleged above were, and continue to be, willful, intentional and malicious.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

18. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the foregoing paragraphs.

19. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, knowingly induced, participated in, aided and abetted, and resultantly

5

profited from the illegal reproduction, importation, purchase, distribution and/or sale of products bearing the Subject Design as alleged herein.

20. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

21. By reason of the Defendants', and each of their, acts of contributory and/or vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer damages in an amount to be established at trial.

22. By reason of the Defendants', and each of their, acts of contributory and/or vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer general and special damages in an amount to be established at trial.

23. Due to Defendants', and each of their, acts of contributory and/or vicarious copyright infringement as alleged herein, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of Subject Design.  As such, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits attributable to Defendants' infringement of the Subject Design, in an amount to be established at trial.

24. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have continued to manufacture and/or sell Infringing Garments with knowledge that such acts violated Plaintiff's intellectual property rights. Therefore, Defendants' acts of copyright infringement as alleged above were, and continue to be, willful.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

    a.  That Defendants, each of them, and their agents and servants be enjoined from infringing Plaintiff's copyright in any manner;

6

b. That Plaintiff be awarded all profits of Defendants plus all losses of
   Plaintiff, the exact sum to be proven at the time of trial, or, if elected
   before final judgment, statutory damages as available under the
   Copyright Act, 17 U.S.C. § 101 et seq.;

c. That Plaintiff be awarded its costs and attorneys' fees as available under
   the Copyright Act U.S.C. § 101 et seq.;

d. That Plaintiff be awarded pre-judgment interest as allowed by law; and

e. That Plaintiff be awarded such further legal and equitable relief as the
   Court deems proper.

Plaintiff hereby demands a trial by jury in this action pursuant to Federal Rule
of Civil Procedure 38 and the Seventh Amendment of the Constitution.


                              DONIGER / BURROUGHS


Dated: May 23, 2014          By:    /s/ Stephen M. Doniger
                                    Stephen M. Doniger, Esq.
                                    Annie Aboulian, Esq.
                                    Attorneys for Plaintiff
                                    MALIBU TEXTILES, INC.

COMPLAINT